## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

Bryan Smith,

              **Plaintiff,**

v.                               **Case No. 12-4065-JWL**

McCormick-Armstrong Co., Inc.;
High Plains Publishers, Inc.; The Lincoln
National Life Insurance Company; and
Jefferson Pilot Financial Insurance Company,

              **Defendants.**

### MEMORANDUM & ORDER

Plaintiff filed a petition in state court against defendants alleging wrongful denial of long-term disability benefits. Defendant Lincoln National Life Insurance Company removed the case to this court, invoking the court's original jurisdiction over actions brought by participants or beneficiaries to recover benefits under employee welfare benefit plans pursuant to 29 U.S.C. § 1132(e), the Employee Retirement and Income Security Act (ERISA). This matter is now before the court on plaintiff's motion to remand (doc. 7). As will be explained, the motion is denied.

In his state court petition, plaintiff alleges that he was employed by defendant McCormick-Armstrong Co., Inc. and/or defendant High Plains Publishers, Inc. and that as part of his employment with one or both of those entities, he was provided with long-term disability insurance through a policy issued by defendant Jefferson Pilot Financial Insurance Company. Plaintiff alleges that he was provided long-term disability benefits under that policy beginning on August 4, 2007 but that on May 5, 2009, defendant Lincoln National Life Insurance

Company notified plaintiff that his long-term disability benefits would be terminated on August 4, 2009.  Plaintiff appealed the termination decision through the process established by Lincoln National and Lincoln National ultimately issued its final decision denying benefits.  In his petition, plaintiff alleges that he was wrongfully denied benefits under the long-term disability policy because he was and remains totally disabled under the terms of the policy.

Defendant Lincoln National has removed plaintiff's case to this court on the basis of complete preemption under ERISA.  Plaintiff, in turn, has moved to remand the case to state court.  Before turning to plaintiff's arguments that are specific to ERISA, the court addresses plaintiff's two procedural objections to Lincoln National's removal of the case.  First, plaintiff contends that Lincoln National's removal notice is defective because defendant Jefferson Pilot Financial Insurance Company, as the policy issuer, is the only party that may properly remove this case.  The argument is rejected.  There is no statute or any other authority limiting the right of removal in an ERISA case to the policy issuer.  Lincoln National removed this case under the general federal removal statutes, which, in multi-defendant actions, authorize any defendant "desiring to remove any civil action" to remove that action so long as all defendants consent to the removal of the action.  *See* 28 U.S.C. §§ 1441(a); 1446(b)(2)(A).  Lincoln National represented in its removal notice that all other defendants consented to the removal.[1]  Moreover,

---

[1]     The Circuit Courts of Appeals are split on whether the consent requirement is satisfied by a representation from counsel for the removing defendant that all co-defendants consent to removal.  *See Proctor v. Vishay Intertechnology, Inc.*, 584 F.3d 1208, 1224-25 (9th Cir. 2009) (collecting cases).  Some Circuits have required only that "at least one attorney of record" sign the notice and certify that the remaining defendants consent to removal.  *See id*. at 1224.  Other Circuits have adopted the more demanding requirement that each co-defendant must independently express their consent to removal within the statutory thirty-day period.  *See id.*; *Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 66 (2d Cir. 2012).

Lincoln National has submitted uncontroverted evidence that it is the successor by merger to Jefferson Pilot; that Jefferson Pilot no longer exists as a separate entity; and that Lincoln National assumed all rights and obligations under the insurance policy at issue in this case. For these reasons, Lincoln National is a proper party to remove this action.

Second, plaintiff contends that removal is improper because Lincoln National has attached a fraudulent or forged insurance policy to its notice such that the document is inadmissible and, in the absence of admissible evidence of the policy, removal on the grounds of the policy is improper. The policy attached by Lincoln National is dated August 1, 2004 but identifies the policy issuer as Lincoln National despite the fact that Lincoln National did not merge with Jefferson Pilot until nearly 3 years later. According to plaintiff, then, Lincoln National has fraudulently "back dated" the policy, which plaintiff deems an "after the fact creation." Lincoln National's evidence, however, demonstrates that its name appears on the policy as a result of the standard industry practice of maintaining policies in electronic form and then printing the policies as needed on the forms and letterhead of the current company.

---

The Tenth Circuit has not addressed this issue. But even assuming the Tenth Circuit adopted the more stringent test, the court concludes that the so-called "rule of unanimity" is satisfied here. Although the non-removing defendants did not independently express their consent within the 30-day statutory period, counsel for the removing defendant also represents each of the co-defendants such that he is authorized to represent to the court what their positions are and they are bound by the representations made. *See Cook v. Randolph County*, 573 F.3d 1143, 1150-51 (11th Cir. 2009) (Absent some basis for believing that any of the defendants did not want the case removed, the representation of the attorney for the defendants that all of her clients consented to the removal is enough).

Plaintiff does not dispute this evidence and the court concludes that plaintiff's argument here is a non-starter.[2]

The court turns, then, to plaintiff's substantive arguments concerning the propriety of removal of his state court case—namely, that the long-term disability insurance policy under which he was denied benefits is not an ERISA plan and, in any event, Lincoln National has waived its right to assert ERISA preemption.  By way of background, the jurisdiction of the federal courts is limited by Article III of the Constitution and by statutes passed by Congress. *Hansen v. Harper Excavating, Inc.*, 641 F.3d 1216, 1220 (10th Cir. 2011).  "A case that is filed in state court may be removed from state to federal court at the election of the defendant, but only if it is one 'of which the district courts of the United States have original jurisdiction,' which is to say if federal subject-matter jurisdiction would exist over the claim." *Id*. (quoting 28 U.S.C. § 1441(a)).   Typically, federal question jurisdiction turns on the "well-pleaded complaint" rule, such that the federal question must appear on the face of the plaintiff's complaint; "that the defendant possesses a federal defense is not sufficient to invoke federal question jurisdiction.  *Id*. (citing *Felix v. Lucent Techs., Inc.*, 387 F.3d 1146, 1154 (10th Cir. 2004)).  In other words, if the plaintiff files in a state court pleading only state-law causes of action, the case is generally not removable to federal court based on federal question jurisdiction.  *Id*. (citations omitted).

---

[2]     Plaintiff also contends that the policy attached by Lincoln National is materially different from a March 1, 2004 policy submitted by plaintiff in support of his motion to remand.  While there may exist some dispute over which policy's terms apply to plaintiff's claim, the fact that the two policies may have different terms due to policy amendments (it appears that the policy attached by plaintiff is simply a prior version of the policy submitted by Lincoln National) is not relevant to the removal question where plaintiff does not contend that any differences between the policies' terms affect whether plaintiff's claim arises under an ERISA-regulated plan.

The Supreme Court, however, has recognized an exception to the well-pleaded complaint rule for a narrow category of state-law claims that can independently support federal jurisdiction and removal. *Id.* at 1220-21 (citing *Felix*, 387 F.3d at 1154). These claims are "completely preempted" because "they fall within the scope of federal statutes intended by Congress completely to displace all state law on the given issue and comprehensively to regulate the area." *Id.* at 1221 (quoting *Felix*, 387 F.3d at 1154–55). Complete preemption makes a state-law claim "purely a creature of federal law," and thus removable from state to federal court from the outset. *Id.* (citations and quotations omitted). "The Supreme Court has recognized only a few federal statutes that so pervasively regulate their respective areas that they have complete preemptive force; ERISA is one." *Id.* (citing *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 67 (1987)). Section 502(a) of ERISA authorizes civil actions "(1) by a participant or beneficiary . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." *Id.* (quoting ERISA § 502(a)(1)(B)).

Under *Taylor*, then, a state-law suit that falls within the scope of this section may be removed to federal court via complete preemption. *Id.* A state-law suit falls within § 502(a) and may be removed to federal court if the "claim is for benefits due or claimed under an ERISA-regulated plan, or to enforce or clarify rights under a plan, and no legal duty independent of ERISA is implicated in the claim." *Id.* (citing *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004)). According to plaintiff, Lincoln National's removal of the case was improper because the policy at issue is not an ERISA plan and Lincoln National has procedurally and contractually waived its right to assert ERISA preemption.

5

Plaintiff contends that the policy at issue is not an ERISA-regulated plan for two reasons. First, plaintiff argues that his employer High Plains Publishers, Inc. did not procure the insurance coverage; rather, it was obtained by McCormick-Armstrong, Inc.  According to plaintiff, then, the plan is not an "employee welfare benefit plan" as defined by ERISA because the definition requires that the plan be "established or maintained by an employer." *See* 29 U.S.C. § 1002(1).  Second, plaintiff contends that the policy is not an ERISA plan because he paid for 100 percent of the premiums such that the plan falls within the "safe harbor" exclusion from ERISA under the pertinent Department of Labor regulations.  As will be explained, the court rejects both of these arguments.

ERISA governs "employee benefit plans," 29 U.S.C. § 1003(a), one form of which is an "employee welfare benefit plan," 29 U.S.C. § 1002(3). ERISA defines "employee welfare benefit plan" as:

> any plan, fund, or program . . . established or maintained by an employer . . . for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise . . . medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment . . .

*Gaylor v. John Hancock Mut. Life Ins. Co.*, 112 F.3d 460, 464 (10th Cir. 1997) (quoting 29 U.S.C. § 1002(1)).  The definition, then, "can be broken down into five elements: (1) a "plan, fund, or program" (2) established or maintained (3) by an employer (4) for the purpose of providing health care or disability benefits (5) to participants or their beneficiaries." *Id.* (citation omitted).  Plaintiff challenges only whether the plan here was maintained "by an employer," as it is undisputed that his employer, High Plains Publishers, did not establish or maintain the plan.

ERISA, however, does not define an "employer" as the employer of the plan participant;

6

it defines that term much more broadly.  *See Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1363 n.5 (10th Cir. 1993).  Indeed, the ERISA statute defines an employer as "any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan."  29 U.S.C. § 1002(5).  Lincoln National's evidence demonstrates that McCormick-Armstrong was acting in the interest of High Plains Publishers in connection with the benefit plan at issue here.  Specifically, Lawrence Lampe, the Chief Financial Officer of High Plains Publishers, Inc., has submitted a declaration in which he states that High Plains Publishers and McCormick have common ownership and are considered "sister" companies.  He further states that while McCormick is the policy holder, the plan covers eligible employees of both McCormick and High Plains Publishers.  While plaintiff objects to Mr. Lampe's declaration on certain evidentiary grounds which the court overrules,[3] plaintiff does not dispute the substance of Mr. Lampe's testimony.  Moreover, the policy itself defines the "employer" to include the policyholder as well as "any division, subsidiary or affiliated company named in the Application."  While the Application is not before the court, Mr. Lampe states that High Plains Publishers is an "affiliate" of McCormick as that term is used in the policy definition of

---

[3]     Plaintiff's first objection to Mr. Lampe's declaration is that it does not comply with 28 U.S.C. § 1746 because he qualifies his declaration by stating that it is true and correct "to the best of [his] knowledge."  The objection is overruled as moot.  Mr. Lampe has submitted an amended declaration that removes this language and plaintiff has not objected to that amended declaration.

    Plaintiff's second objection to Mr. Lampe's declaration is that his assertions lack foundation to the extent he testifies as to matters pertaining to McCormick-Armstrong because he is not an employee of McCormick-Armstrong.  This objection is overruled.  Mr. Lampe's declaration is sufficient to demonstrate that he has personal knowledge (or has gained sufficient knowledge through an examination of company records) of the matters to which he has testified, including matters pertaining to the corporate relationship between McCormick and High Plains Publishers.

7

"employer."  There is no evidence suggesting otherwise.  The court concludes that McCormick-Armstrong may provide benefits for High Plains Publishers' employees under ERISA.  *See Frank*, 3 F.3d at 1363 n.5 ("[I]t is not beyond the normal parent-subsidiary relationship for the parent to serve as ERISA Plan Administrator for the subsidiary.");

The court turns, then, to plaintiff's argument that the plan is excluded from ERISA pursuant to the regulatory "safe harbor" exception.  The Department of Labor has issued "safe harbor" regulations excluding certain group insurance programs from ERISA's definition of "employee welfare benefit plan":

> (j) Certain group or group-type insurance programs. For purposes of Title I of the Act and this chapter, the terms "employee welfare benefit plan" and "welfare plan" shall not include a group or group-type insurance program offered by an insurer to employees or members of an employee organization, under which
>
> (1) No contributions are made by an employer or employee organization;
>
> (2) Participation in the program is completely voluntary for employees or members;
>
> (3) The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; and
>
> (4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, or administrative services actually rendered in connection with payroll deductions or dues checkoffs.

29 C.F.R. § 2510.3-1(j).  A plan must meet each of these four factors for exclusion from ERISA coverage.  *See Gaylor v. John Hancock Mut. Life. Ins. Co.*, 112 F.3d 460, 463 (10th Cir. 1997).

Plaintiff argues that no contribution was made by McCormick-Armstrong or High Plains Publishers with respect to his long-term disability insurance such that the first factor is satisfied.

8

The uncontroverted evidence, however, demonstrates that High Plains Publishers, Inc. paid portions of premiums for employees on the health, life and accidental death parts of the Plan. While it is undisputed that plaintiff paid for his long-term disability coverage, he cannot "sever his optional disability coverage" from the rest of the benefits he received through the Plan. *See id.* (rejecting safe harbor argument where employee paid for LTD premiums but employer contributed to other benefits); *Alloco v. Metropolitan Life Ins. Co*., 256 F. Supp. 2d 1023, 1027-28 (D. Ariz. 2003) (refusing to consider LTD benefit plan in isolation from overall benefit plan provided by employer). In any event, even if the long-term disability policy is viewed in isolation, the evidence reflects that the third prong of the safe harbor regulation has not been satisfied. Plaintiff does not dispute (other than by reasserting his previous objections to Mr. Lampe's affidavit) that McCormick-Armstrong negotiated certain features of the policy, including the amount of the premiums, the length of the elimination period, the amount of monthly benefit upon a finding of disability, and the maximum benefit amount. McCormick also negotiated the classes of employees to whom coverage would apply and the terms and conditions for each of them. In such circumstances, McCormick's role is not limited to collecting premiums and remitting them to the insurer. *See Carter v. Guardian Life Ins. Co*., 2011 WL 1884625, at \*2 (E.D. Ky. May 18, 2011) (employer was sufficiently involved so as to "endorse" the plan where employer negotiated certain terms of policy); *Parrington v. Unum Provident Corp*., 2008 WL 4006907, at \*4 (W.D. Ark. Aug. 26, 2008) (employer endorsed plan for purposes of third prong of safe harbor regulation; employer was actively involved in negotiating terms of the policies).

Plaintiff next contends that, even if the long-term disability insurance policy is an ERISA plan, Lincoln National has procedurally waived its right to assert that the policy is governed by ERISA.  By way of background, the record reflects that plaintiff's counsel contacted Lincoln National in April 2011 by letter for the purpose of advising Lincoln National that he was "preparing to file an action in the Federal District Court" for wrongful denial of benefits and that if Lincoln National was interested in reconsidering plaintiff's claim, it should contact plaintiff's counsel.  Plaintiff's counsel also asked in the letter whether Lincoln National was "going to take the position this is an ERISA policy."  A disability appeals specialist employed by Lincoln National responded to plaintiff's counsel, also by letter, stating that Lincoln National was unwilling to review the claim any further because plaintiff had exhausted the appeals process. The letter did not address whether the company believed or intended to assert that the policy was an ERISA plan.

Because Lincoln National did not affirmatively assert in April 2011 that the policy was an ERISA-covered plan, plaintiff contends that Lincoln National has waived its right to make that assertion now.  Plaintiff cites no authority to support this argument and he appears to abandon the argument in his reply brief.  In any event, the court rejects this argument and finds no authority supporting the idea that a defendant waives the right to assert ERISA preemption through its silence on the issue during pre-litigation correspondence. *See Kerans v. Provident Life & Acc. Ins. Co.*, 452 F. Supp. 2d 665, 676 (N.D. Tex. 2005) (denying motion for remand based on waiver argument; defendant did not waive its right to assert ERISA preemption where it raised that argument in its removal notice); *Halprin v. Equitable Life Assurance Soc'y*, 267 F.

Supp. 2d 1030, 1040 (D. Colo. 2003) (employer did not waive ERISA preemption argument by raising it for the first time at summary judgment stage).

In a related vein, plaintiff contends that Lincoln National has contractually waived its right to assert ERISA preemption because the first page of the policy states that "This Policy is delivered in the state of Kansas and subject to the laws of that jurisdiction."  Again, plaintiff cites no authority for his argument and appears to abandon it anyway in his reply brief. Nonetheless, the court rejects this argument as Lincoln National may not contract to choose state law as the governing law of an ERISA-governed benefit plan.  *See Tompkins v. United Healthcare of New England, Inc*., 203 F.3d 90, 97-98 (3d Cir. 2000) (finding no case that parties may contractually waive the right to assert ERISA preemption; policy language reflecting commitment to "compliance with state law" did not operate as waiver); *Allstate Ins. Co. v. My Choice Med. Plan for LDM Techs. Inc*., 298 F. Supp. 2d 651, 654-55 (E.D. Mich. 2004) (rejecting argument that choice-of-law provision contractually foreclosed defendant from asserting ERISA preemption; contractual waiver impermissible in ERISA context); *In re Sears Retiree Group Life Ins. Litig*., 90 F. Supp. 2d 940, 951 (N.D. Ill. 2000) ("Even if Sears intended to adopt Illinois law for purposes of interpreting the Plan documents, which is not at all certain, ERISA preemption would negate such an attempt. A choice of law provision does not operate to waive the applicability of federal law regarding interpretation of an ERISA plan.").

In sum, the benefit plan at issue in this case meets ERISA's definition of an employee welfare benefit plan under 29 U.S.C. § 1002(1).  Because plaintiff is undisputedly making a claim for benefits under that plan, removal is proper.  *Hansen v. Harper Excavating, Inc*., 641 F.3d 1216, 1221 (10th Cir. 2011).

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's motion to remand (doc. 7) is denied.

**IT IS SO ORDERED.**

Dated this 11th day of October, 2012, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge